AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: Southern |
| Name (under which you were convicted): ANDREW PERSAUD | Docket or Case No.: |
| Place of Confinement : FLORIDA DEPARTMENT OF CORRECTIONS | Prisoner No.: G71374 |
| Petitioner (include the name under which you were convicted) ANDREW PERSUAD v. | Respondent (authorized person having custody of petitioner) Secretary, Florida Department of Corrections |
| The Attorney General of the State of: Florida | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Fifteen Judicial CIrcuit Court, Palm Beach County, State of Florida

(b) Criminal docket or case number (if you know): 1901-1039

2. (a) Date of the judgment of conviction (if you know): 11/17/2021

(b) Date of sentencing: 11/17/2021

3. Length of sentence: 20 years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Trafficking in Herion
Trafficking In Oxycodone / Trafficking in Cocaine/Possession of Controlled Substance (x6).
Trafficking In Fentanyl

6. (a) What was your plea? (Check one)

☐ (1) Not guilty ☑ (3) Nolo contendere (no contest)

☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? n/a

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☐ Yes ☑ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Fifteenth Judicial Circuit Court Palm Beach County

(2) Docket or case number (if you know): 19-01039

(3) Date of filing (if you know): 03/24/2025

(4) Nature of the proceeding: Rule 3.850 Motion for Post Conviction Relief

(5) Grounds raised: Ineffective Assistance of Counsel for failing to properly investigate the total circumstances of the confidential informant, involuntary plea.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: Denied with written findings.

(8) Date of result (if you know): 04/09/2026

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Fourth District Court of Appeal

(2) Docket or case number (if you know): 4D2026-1219

(3) Date of filing (if you know): 08/20/2026

(4) Nature of the proceeding: Appeal of denial of Rule 3.850 Motion

(5) Grounds raised: Trial court erred in denying motion without evidentiary hearing and failed to attach records disproving ineffective assistance of counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: Affirmed Per Curiam

(8) Date of result (if you know): 08/20/2026

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: ______

(8) Date of result (if you know): ______

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

______

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL FOR ALLOWING PETITIONER TO ENTER A PLEA WITHOUT INVESTIGATE CONFIDENTIAL INFORMANT ELIMINATING A COMPLETE DEFENSE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitoner did not knowingly and intelligently waive his right to challange the state's evidence by entering the plea where defense counsel failed to investigate the police confidential informant. Petitioner discovered that an CI Alexander Roche (deceased after this case) was working for the police and set up Petitioner for leincy in his own case. Defense counsel did not investigate this prior to allowing Petitioner to enter the plea. Roche was instrum-ental in creating trash pulls from Petitioner's home and purposely placed the trash containers in front of Petitioner's house to allow police inspection. None of this dispositive information was made known to Petititioner prior to plea.

(b) If you did not exhaust your state remedies on Ground One, explain why: Fully exhausted in State Court post conviction relief proceedings. (See Memorandum of Law)

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 Motion for Post Conviction Relief

Name and location of the court where the motion or petition was filed: Plam Beach County, Florida

Docket or case number (if you know): Same

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): Denied without evidentiary hearing

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 4th DCA

Docket or case number (if you know): 4D2026-1219

Date of the court's decision: 08/20/2026

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: ____________________

**GROUND TWO:** ____________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why: ____________________

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: ____________________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______

______

______

______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : ______

______

______

______

**GROUND THREE:** ______

______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______

______

______

______

______

(b) If you did not exhaust your state remedies on Ground Three, explain why: ____________________

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why: ____________________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

______

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ______

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Alan Saladrigas/Marc Shiner

(b) At arraignment and plea: March Shiner

(c) At trial:

(d) At sentencing: March Shiner

(e) On appeal:

(f) In any post-conviction proceeding: George E. Reres, Fort Lauderdale, Florida 33301

(g) On appeal from any ruling against you in a post-conviction proceeding: George E. Reres, Fort Lauderdale, Florida 33301.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 and 2244(d) is filed within the time limitations of ADEPA and within one year of the final state court review that was the basis for the 3.850 motion on newly discovered evidence. Neither the State Court or the State of Florida prosecution made any findings that Petitioner's Rule 3.850 Motion was untimely or that the newly discovered evidence was not filed within state time limitations. This Petiton under 2254 is filed within one year of the State

Court decision.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Grant Writ of Habeas Corpus for any and all relief permitted by law including and not limited to remand to State Court to allow plea to be withdrawn, and /or grant evidentiary hearing in this Court for all relief required by law.

or any other relief to which petitioner may be entitled.

/s/ GEORGE E. RERES

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ____________ (month, date, year).

Executed (signed) on 09/28/2026 (date).

______________________________

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

UNIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ANDREW PERSAUD, CASE NO: ________________

*Petitioner,*

Vs.

SECRETARY, FLORDIA
DEPARTMENT
OF CORRECTIONS,

*Respondent.*

______________________________/

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. 2254**

**COMES NOW** the Petitioner, **ANDREW PERSUAD** by and through undersigned counsel and respectfully files this Memorandum of Law In Support of Petition for Writ of Habeas Corpus, and states:

## I. STATEMENT OF THE CASE

1. The State charged the Defendant by Amended Information as follows:

a. Count 1: Trafficking in Morphine (28G – 30KG)
b. Count 2: Trafficking in Oxycodone (25G – 100G)
c. Count 3: Trafficking in Cocaine (28G – 200G)
d. Count 4: Possession of Hashish
e. Count 5: Possession of Alprazolam (Xanax)
f. Count 6: Possession of Schedule IV Substance
g. Count 7: Trafficking in Heroin (28G – 30KG)
h. Count 8: Trafficking in Fentanyl (28G or more)
i. Counts 9 – 11: Possession of Schedule I Substance

2. The defendant plead guilty on September 27, 2021 to all charges, and on November 17, 2021 was sentenced to 20 years each on counts 1, 2, 3, 7, and 8 and 5 years each on counts 4, 5, 6,9, 10, and 11 with credit for 1,023 days; all counts are to run concurrent, but not coterminous

Andrew Persaud is currently incarcerated in the Florida Department of Corrections following a conviction in the Fifteenth Judicial Circuit Court, Palm Beach County, Florida in the matter of *State of Florida v. Andrew Persaud,* case number 2019CF001039AMB.

The Petitioner's grounds raised in his Rule 3.850 (b)(1)Motion for Post Conviction Relief asserted the discovery of new evidence never previously known or released in discovery by the State. Petitioner's Rule 3.850 Motion was filed outside the time limitations of Rule 3.850 but specifically filed under Rule 3.850(b)(1) as newly discovered evidence, and within a two year period of having discovered the new evidence. In particular, Petitioner's explanation for the newly discovered evidence stated: "[b]ased on the information Defendant has discovered there is no due diligence that Defendant could have possibly pursued and no way he could have known or leaned that the CI (Alexander Roche) had died during discovery because defense counsel never informed him there was a CI and without knowing the CI's identity counsel would not have learned of his death. Undersigned counsel discovered the death of the CI only through other records than Defendant's court records to learn who the CI was and then confirming it with Defendant. Defendant was never informed by defense counsel Marc Shiner who the CI was. (See Affidavit from Andrew Persaud attached)." (Motion for Post Conviction Relief, p. 4).

## II. STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. Carroll v. Sec'y, DOC, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of habeas corpus setting aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." Green v. Sec'y, Dep't of Corr., 28 F.4th 1089, 1093 (11th Cir. 2022). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000).

2244 "defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court." Id. at 404. First, a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Second, a decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's

application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." Id. at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). But the habeas court is "not limited by the particular justifications the state court provided for its reasons, and [it] may consider additional rationales that support the state court's determination." Jennings v. Sec'y, Fla. Dep't of Corr., 55 F.4th 1277, 1292 (11th Cir. 2022).

When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." Wilson, 138 S. Ct. at 1192. The state may "rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." Id.

For purposes of § 2254(d)(2), "it is not enough to show that 'reasonable minds reviewing the record might disagree about the finding in question.'" Brown v. Davenport, 142 S.

Ct. 1510, 1525 (2022) (quotations omitted). "An unreasonable determination of the facts occurs when the direction of the evidence, viewed cumulatively, was too powerful to conclude anything but the petitioners factual claim."Teasley v. Warden, Macon State Prison, 978 F.3d 1349, 1355 (11th Cir. 2020) (internal quotation marks and alterations omitted). A state court's findings of fact are presumed correct, and a petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Even where a petitioner succeeds in rebutting the presumption, he must show that the state court's decision is "based on" the incorrect factual determination. Pye v. Warden, Ga. Diag. Prison, 50 F.4th 1025, 1035 (11th Cir. 2022).

This is because a state court decision may still be reasonable "even if some of the state court's individual factual findings were erroneous—so long as the decision, taken as a whole, doesn't constitute an 'unreasonable determination of the facts' and isn't 'based on' any such determination." Id. (quoting Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1224–25 (11th Cir. 2021) (Newsom, J., concurring)) The Petitioner's newly discovered evidence absolutely shows that the state court's factual findings were erroneous and constitutes an unreasonable determination of the facts because, defense counsel never investigated the most crucial element of the police investigation and that was Alexander Roche, their confidential information, and unknown to Petitioner at the time, a friend and house guest.

One additional fact that is important that the State failed to address in its Response is that at the times and dates of the alleged police trash pulls, Petitioner was medically disabled and could not physically have placed the trash cans outside; only the CI did this.

.In addition to satisfying the deferential standard of federal court review of a state court adjudication, a federal habeas petitioner must present his claims by raising them in state court

before bringing them in a federal petition. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner satisfies this requirement if he fairly presents the claim in each appropriate state court and alerts that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). Petitioner fully exhausted this claim in state court.

Further, a defendant must come forward with some objective evidence that he or she would not have pled guilty. Id. *Hutchings v. United States,* 618 F.3d 693, 697 (7th Cir. 2010). Here, Petitioner clearly came forward with objective evidence that undoubtedly, had he known of, would never have entered a plea of guilty and would have proceeded to trial. Once Petitioner discovered that the CI in this case was a person known to Petitioner and associated in Petitioner's house, often; this information would have completely established why his trash cans were used to position outside at the outside of the curb of his house for the police trash pulls.

Moreover, in Petitioner's Motion for Post Conviction Relief he explicitly stated that had the CI been discovered and made known to Petitioner he would have explained to defense counsel that the CI was friends with Petitioner and often visited inside Petitioner's home. Tis definitely explains why Roche was the CI involved in Petitioner's case.

In the State court Rule 3.850 State's Response this was never refuted and never addressed. To this extent, the state court motion for post-conviction relief contained fully developed details that the newly discovered evidence of Roche being the CI and Roche often in Petitioner's home, it was Roche who put the narcotics in the Petitioner's trash cans and placed them in the front of the house for the police trash pulls. The state failed to address this in its Response to state court. It also failed to address the fact that the CI died during pendency of Defendant's case thereby

violating discovery rules. In end, the newly discovered evidence was never determined to be an issue time barred in state court, and therefore, Petitioner is timely filing this Writ of Habeas Corpus within one year of the final decision from the Florida 4th District Court of Appeal decision of 8/20/2026 meeting the ADEPA time limitation for this review.

**GROUND ONE;**

THE STATE COURT DECISION WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS BY FAILING TO INVESTIGATE THE CONFIDENTIAL INFORMANT WHO PROCURED AND FABRICATED THE CENTRAL EVIDENCE AGAINST PETITIONER, AND BY THEREAFTER ADVISING PETITIONER TO ENTER A GUILTY PLEA WITHOUT INFORMING HIM OF THIS VIABLE DEFENSE THIS CLAIM IS BASED ON NEWLY DISCOVERED EVIDENCE. THE STATE COURT'S DECISION IS OBJECTIVELY UNREASONABLE.

The State court's decision was based on an unreasonable determination of the facts. Section **2254(d)(2)** permits federal habeas relief where the state adjudication: "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Wiggins v. Smith*, 539 U.S. 510 (2003). Considering the actual state-court record, *no reasonable factfinder could reach the factual determination upon which the state court's decision depended.* The factual development in Petitioner's case uncovered critical and important evidence that was never investigated by defense counsel and never disclosed by the State concerning the confidential informant and his framing Petitioner for these crimes.

Petitioner was denied his constitutional right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments because counsel failed to conduct a reasonable investigation into the confidential informant ("CI") whose activities were directly responsible for the State's evidence against Petitioner. Counsel failed to investigate the CI's

relationship with law enforcement, failed to discover that the CI was cooperating with police in an effort to obtain leniency or consideration for the CI's own criminal conduct, failed to investigate the CI's involvement in conducting trash pulls from Petitioner's residence, and failed to investigate evidence that the CI placed drugs in Petitioner's trash and then contacted law enforcement concerning the purported discovery.

As a result of counsel's failure to investigate, Petitioner was deprived of material information concerning a potentially dispositive defense and entered his guilty plea without being adequately advised concerning the strength of the State's case, the credibility and motive of the State's principal informant, and the possibility of challenging the reliability and legality of the evidence attributed to the CI.

In the State Court Rule 3.850 Motion proceedings the Court denied the Motion basing its decision on the State's Response. The State's Response was based entirely upon procedural arguments that wholly and patently were disingenuous and in error. The State did not argue that Petitioner's newly discovered evidence was not newly discovered evidence and did not argue that his Rule 3.850 Motion was untimely filed. Instead, the State's Response argued that Petitioner attempted to go behind the plea and that his plea agreement was a waiver to any defense he had. These arguments if accepted here would nullify and chill essential and basic Constitutional protections under the 5th, 6th and 14th Amendments to the United States Constitution.

**A. Governing Federal Law**

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel at every critical stage of the criminal proceedings, including the decision whether to plead guilty. Under *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), a defendant must establish both

that counsel's performance was constitutionally deficient and that the deficient performance prejudiced the defense. If counsel knew, or reasonably should have known, facts indicating that the confidential informant was responsible for placing drugs in Petitioner's trash and was cooperating with police to obtain favorable treatment for his own criminal activity, the failure to investigate that readily available defense can be analyzed under *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984). Counsel has a duty to make reasonable investigations or make a reasonable professional decision rendering particular investigations unnecessary.

Counsel's performance is deficient when it falls below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. Although counsel is afforded substantial deference concerning strategic decisions, that deference does not extend to decisions made without a reasonable investigation. Counsel has a duty to conduct a reasonable investigation of the facts and of potential defenses, or to make a reasonable determination that further investigation is unnecessary. *Id.* at 690–91; *Wiggins v. Smith*, 539 U.S. 510, 521–23 (2003).

In *Wiggins*, the Supreme Court made clear that a purported strategic decision is not entitled to deference when it results from an incomplete investigation. The relevant question is whether the investigation supporting counsel's decision was itself reasonable. 539 U.S. at 523. Counsel's failure to pursue evidence that reasonably competent counsel would have recognized as important to the defense constitutes deficient performance.

The same principles apply when counsel's deficient investigation results in a guilty plea. In *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985), the Supreme Court held that the *Strickland* standard governs ineffective-assistance claims arising from guilty pleas. Where counsel fails to investigate or discover potentially exculpatory evidence, the prejudice inquiry asks whether discovery of that

evidence would have affected counsel's recommendation concerning the plea and whether there is a reasonable probability that, had Petitioner been properly advised, he would have rejected the plea and insisted on proceeding to trial.

Thus, the constitutional question is not simply whether Petitioner ultimately pleaded guilty. It is whether counsel's failure to investigate deprived Petitioner of the information necessary to make an informed and constitutionally valid decision concerning whether to plead guilty or exercise his right to trial.

**B. Counsel Had a Constitutional Duty to Investigate the Confidential Informant**

The CI was not a peripheral witness. According to Petitioner's allegations, the CI was directly involved in generating the evidence that became the basis for the State's prosecution. The CI allegedly conducted or participated in trash pulls from Petitioner's residence, placed controlled substances in Petitioner's trash, and then contacted law enforcement concerning the purported discovery of drugs. Further, in the State's Responseit was argued that the CI was a "tip" but this is not what the police probable cause Affidavit argued. The PCA stated that the information they received was from a credible reliable CI, not a random "tip." This is a critical factor in the newly discovered evidence because had Defense counsel investigated this matter and learned it was Alexander Roche Petitioner would have been able to establish Roche's involvement in Petitioner's residence and Roches reason for setting up Petitioner: to obtain leniency on his own criminal charges.

Equally significant, the CI was allegedly cooperating with law enforcement for the purpose of obtaining leniency or favorable treatment for the CI's own criminal conduct. The undisclosed evidence was not collateral. It went directly to the reliability of the physical evidence used to

establish probable cause and Petitioner's guilt. Had the defense established that the CI planted the drugs in Petitioner's trash and then caused law enforcement to discover that evidence, the defense could have challenged the integrity of the investigation, the legitimacy of the trash pulls, the resulting probable cause, the CI's credibility and motive, and ultimately the State's theory connecting Petitioner to the contraband.

Defense counsel's failure to investigate the CI independently implicates *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984). Counsel's strategic choices are entitled to deference only when made after reasonable investigation or a reasonable professional decision that further investigation was unnecessary. Where the CI provided the information leading police to Petitioner and the defense had reason to investigate whether the CI was acting from an undisclosed motive or was himself responsible for creating the incriminating evidence, counsel could not reasonably abandon that avenue without adequate investigation.

The prejudice resulting from counsel's deficient investigation must also be considered together with the State's suppression of favorable evidence. *Kyles* instructs that materiality is evaluated cumulatively, not by considering each piece of suppressed evidence in isolation. 514 U.S. at 436–37. The question is whether the favorable evidence, considered collectively, places the prosecution's case in such a different light as to undermine confidence in the verdict. *Id.* at 435.

Here, disclosure and investigation would have provided Petitioner with an entirely different explanation for the State's incriminating evidence: the drugs were not evidence demonstrating Petitioner's criminal conduct but evidence allegedly manufactured or planted by a motivated confidential informant seeking favorable treatment from law enforcement. Evidence supporting

that theory would have directly undermined the factual foundation upon which the investigation, prosecution, and conviction rested.

These facts presented defense counsel with multiple obvious lines of investigation. A reasonably competent attorney would have sought to determine:

1. the CI's identity and criminal history;
2. the CI's pending criminal charges or other criminal exposure;
3. whether the CI was working under an agreement with law enforcement;
4. what benefits, leniency, payment, consideration, or promises the CI expected or received;
5. whether the CI had previously provided information to law enforcement;
6. whether the CI had a history of dishonesty, unreliability, or providing false information;
7. whether law enforcement directed or participated in the trash pulls;
8. whether the CI actually possessed the drugs allegedly recovered from Petitioner's trash before the trash pull;
9. whether the CI had an opportunity to place drugs into Petitioner's trash;
10. whether surveillance, reports, recordings, photographs, communications, or other records corroborated the CI's account;
11. whether the CI's information was materially false or misleading; and
12. whether the evidence attributed to the CI could be suppressed, excluded, impeached, or otherwise attacked.

This was not an investigation into a collateral matter. The investigation went directly to the reliability, credibility, motive, and possible fabrication of the evidence used to prosecute Petitioner.

The Supreme Court's decision in *Wiggins* is particularly instructive because it rejects the proposition that counsel may simply stop investigating and later characterize the resulting failure as "strategy." Counsel must first conduct an investigation sufficient to permit an informed strategic decision. 539 U.S. at 521–23.

Here, counsel could not make an informed strategic decision concerning whether Petitioner should plead guilty or proceed to trial without determining whether the State's principal source of

incriminating information was a cooperating criminal defendant who had a personal incentive to manufacture evidence against Petitioner.

### C. Counsel's Failure to Investigate Was Not a Reasonable Strategic Decision

The State cannot transform counsel's failure to investigate into a strategic decision merely by asserting that counsel ultimately chose a plea-based strategy.

A strategic decision is reasonable only when it is preceded by a reasonable investigation of the relevant facts and legal alternatives. *Strickland*, 466 U.S. at 690–91; *Wiggins*, 539 U.S. at 521–23.

There is a fundamental difference between: (1) counsel investigating the CI, discovering the CI's criminal exposure, cooperation agreement, motive to obtain leniency, alleged placement of drugs in Petitioner's trash, and other impeachment evidence, and then consciously determining that the evidence should not be pursued; and (2) counsel failing to investigate the CI at all and consequently failing to discover evidence that could materially undermine the State's case.

Only the first can plausibly be characterized as a reasoned strategic choice.

If counsel did not know that the CI was cooperating in exchange for potential leniency, did not investigate the CI's motive, and did not discover the alleged fabrication or planting of evidence, counsel lacked the factual foundation necessary to make an informed decision about the viability of the defense.

As *Wiggins* explains, strategic choices made after less than complete investigation are entitled to deference only to the extent that reasonable professional judgment supports the limitations on investigation. 539 U.S. at 521–23.

No reasonable professional judgment supports abandoning an investigation into a cooperating criminal informant whose information generated the evidence forming the basis of the prosecution.

**D. Counsel's Failure to Investigate Directly Affected the Advice Given to Petitioner Concerning the Guilty Plea**

The deficient performance was compounded when counsel advised Petitioner to plead guilty without first determining whether the State's evidence could be effectively challenged.

A guilty plea must be entered with the benefit of competent legal advice. *Hill*, 474 U.S. at 56–59. Counsel cannot provide constitutionally adequate advice concerning whether a defendant should plead guilty without reasonably investigating material facts that bear directly upon the strength of the prosecution's case.

Here, counsel's failure to investigate prevented Petitioner from learning that the State's evidence could potentially be attacked on grounds including:

- the CI's motive to obtain leniency for his own crimes;
- the CI's credibility and reliability;
- the CI's potential bias;
- the CI's alleged fabrication or planting of evidence;
- the circumstances surrounding the trash pulls;
- the CI's relationship with law enforcement;
- the CI's possible agreements or expectations of leniency; and
- the possibility that the evidence attributed to the CI could be excluded, suppressed, or substantially impeached.

Consequently, Petitioner's decision to plead guilty was made without the benefit of material information that competent counsel should have discovered and explained to him.

The Supreme Court has specifically recognized that, where counsel fails to investigate potentially exculpatory evidence before a guilty plea, the prejudice inquiry turns on whether discovery of that evidence would have caused counsel to alter the plea recommendation and whether the evidence could reasonably have affected the outcome of a trial. *Hill*, 474 U.S. at 59.

That is precisely the situation presented here.

**E. Petitioner Was Prejudiced Because There Is a Reasonable Probability He Would Have Rejected the Plea and Proceeded to Trial**

Petitioner can establish prejudice under *Hill* because, had counsel properly investigated the CI and informed Petitioner of the resulting evidence and available defenses, there is a reasonable probability that Petitioner would not have entered the guilty plea and instead would have insisted upon proceeding to trial. The newly discovered information fundamentally altered the assessment of the State's case. Without the undisclosed information, Petitioner was confronted with what appeared to be incriminating evidence allegedly discovered through a CI's trash pull and reported to law enforcement.

With the information, however, the defense could present evidence that the CI:

1. was himself involved in criminal conduct;
2. was cooperating with law enforcement;
3. had a personal incentive to obtain leniency;
4. had access to Petitioner's trash;
5. allegedly placed drugs into Petitioner's trash;
6. then reported the purported discovery to police; and
7. therefore had both the opportunity and motive to manufacture incriminating evidence against Petitioner.

That evidence would have materially changed the defense's evaluation of the case.

It would have provided a substantial basis for challenging the CI's credibility and the reliability of the State's evidence. It also would have provided counsel with grounds to investigate suppression issues, challenge the chain and source of the alleged drugs, seek discovery concerning the CI's cooperation, and cross-examine the CI concerning his motive and benefit from assisting law enforcement.

A defendant cannot make an informed decision whether to accept a plea bargain when his attorney has failed to investigate facts that could transform the prosecution's evidence from apparently compelling to fundamentally unreliable.

**F. The Plea Was Not the Product of an Informed Choice**

The constitutional defect therefore was not simply that counsel failed to discover additional impeachment evidence. The defect was that counsel failed to investigate the very circumstances that generated the prosecution's evidence and then advised Petitioner to surrender his constitutional right to trial without first determining whether that evidence was reliable. Petitioner's plea was consequently based upon an incomplete and materially inaccurate assessment of the strength of the State's case.

The Supreme Court's decision in *Lee v. United States*, 582 U.S. 357 (2017), further confirms that prejudice in the plea context focuses on whether counsel's deficient performance affected the defendant's decision to plead guilty. The question is whether there is a reasonable probability that, absent counsel's error, the defendant would have rejected the plea and gone to trial.

Here, the answer is yes. Had Petitioner known that the CI was a cooperating criminal informant seeking leniency for his own crimes and that the CI was alleged to have placed the drugs into Petitioner's trash before notifying police, Petitioner would have had a powerful reason to reject the plea and require the State to prove its case at trial.

At minimum, there is a reasonable probability that competent investigation and disclosure of this information would have changed counsel's assessment of the case, altered counsel's advice concerning the plea, and caused Petitioner to insist upon proceeding to trial.

**G. The State Cannot Rely Solely Upon Petitioner's Plea Colloquy to Defeat the Claim**

The State may argue that Petitioner's sworn statements during the plea colloquy establish that the plea was knowing, intelligent, and voluntary.

That argument does not resolve Petitioner's ineffective-assistance claim because the factual determination by the State Court was erroneous.

A plea colloquy establishes what Petitioner understood at the time of the plea; it does not establish that counsel adequately investigated the case or provided constitutionally sufficient advice before the plea. Where counsel failed to discover material exculpatory evidence, a defendant's affirmative responses during a plea colloquy do not cure counsel's antecedent failure to investigate and advise the defendant concerning that evidence.

The constitutional question remains whether counsel's deficient investigation deprived Petitioner of information necessary to make an informed choice between pleading guilty and proceeding to trial. Here, the newly discovered evidence was never made known to Petitioner and could not have given that the police CI died while Petitioner's case was in discovery. Also,

Defense counsel never uncovered the evidence of how the CI was involved and how the CI was receiving leniency for his work to set up Petitioner.

**H. Relief Is Required**

Counsel's failure to investigate the CI fell below an objectively reasonable standard of professional performance. Counsel failed to investigate a witness whose criminal exposure, cooperation with law enforcement, motive for leniency, access to Petitioner's property, and alleged fabrication of evidence directly implicated the reliability of the State's case.

That failure was particularly prejudicial because counsel then advised Petitioner to plead guilty without informing him of this viable defense and without even having discovered it.

Under *Strickland* and *Hill*, Petitioner has demonstrated a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on proceeding to trial. The undiscovered evidence was not cumulative or collateral; it went to the credibility of the CI, the integrity of the State's evidence, and the fundamental question of whether Petitioner was actually responsible for possessing the drugs attributed to him.

Accordingly, Petitioner was deprived of the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments, and the judgment based upon his involuntary and constitutionally defective guilty plea should be vacated. In the alternative, Petitioner is entitled to an evidentiary hearing at which counsel,, law-enforcement officers, and other relevant witnesses can be examined concerning counsel's investigation, the CI's cooperation and benefits, the circumstances of the trash pulls, the alleged placement of drugs into Petitioner's trash, and the effect this information would have had on Petitioner's decision to plead guilty.

The ends of justice require this mater to be granted relief to avoid a manifest injustice.

**WHEREFORE,** based on the foregoing Petitioner prays this Writ of Habeas Corpus is **GRANTED.**

**RESPECTFULLY SUBMITTED,**

**/S/GEORGE E. RERES**
**GEORGE E. RERES**
Attorney for Petitioner
Fla. Bar No: 357170
**LAW OFFICE OF GEORGE E. RERES**
RERESLAW , LLC
Attorney at Law
633 South Andres Avenue, Suite 201
Fort Lauderdale, Florida 33301
Office Ph. No: (9540) 870-7403
Email: georgereres3@gmail.com

**CERTIFICATE OF SERVICE/FILING**

**I HEREBY CERTIFY** the Petition for Writ of Habeas Corpus and Memorandum of Law in Support of Petition for Writ of Habeas Corpus were electronically filed in the PACER CFM filing and copy provided to the Office of the Attorney General, Criminal Appeals Division, 1515 N Flagler Dr #900, West Palm Beach, FL 3340, this 28th day of September, 2026.

**RESPECTFULLY SUBMITTED,**

**/S/GEORGE E. RERES**
**GEORGE E. RERES**
Attorney for Petitioner
Fla. Bar No: 357170

# Petition for Relief From a Conviction or Sentence By a Person in State Custody

## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ ________ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**